# Thompson *v.* O'Neill & Co.

*Breach of Warranty of Sale.*

(Decided April 14, 1908.  46 South. 229.)

*Sales; Breach of Warranty.*—Where the contract of purchase provided that if the range did not bake and cook well and give satisfaction, the seller would refund the purchase money and pay the freight, a failure either to cook well, bake well or give satifaction, entitled the purchaser to have the purchase money and freight refunded, and it was not necessary to a breach of the contract that the range failed to meet all three requirements.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by John Thompson against John W. O'Neil & Co. Judgment for defendant on demurrer, and plaintiff appeals. Reversed and remanded.

BURKHARDT & KNIGHT, for appellant. It was not necessary to the maintenance of this suit that the range should do all three of these things guaranteed for it. It is sufficient under the contract if it fails to give satisfaction in any one of the particulars.— *Allen v. Mutual Compress Co.* 101 Ala. 576; *Buford v. Ward*, 108 Ala. 311; *Davis v. Badders & Britt*, 95 Ala. 361.

STERLING A. WOOD, for appellee. The allegations of the breach is confined to "satisfaction" alone and is narrower than the contract.—*Withers v. Knox*, 4 Ala. 138; *Ridgell v. Dale*, 16 Ala. 36; *Prior v. Beck*, 21 Ala. 393; *McCrary v. Jones*, 96 Ala. 592. The action is for breach of contract and not for the breach of an express warranty.—*McCaa v. Elam Drug Co.* 114 Ala. 74; *Schleisher v. Montgomery*, 114 Ala. 228. The breach is not sufficiently assigned.—*Hardt v. Bloodworth*, 49 Ala. 218. The contract is not susceptible of the construction sought to be given it.—*E. L. Co. v. Elder*, 115 Ala. 153.

McCLELLAN, J.—The action is for the breach of the following contract: "Birmingham, Alabama, Nov. 6, 1906. Received of John Thompson $35, in full payment of 819 Electric Peninsular range. If same does not bake and cook well and give satisfaction, we will refund money and pay freight. John W. O'Neil & Co., John W. O'Neil, Pt." The breach alleged in the complaint is that the range did not give satisfaction. The demurrer to the complaint contains these grounds only: "(1) For that the alleged contract set out in said complaint is that 'the said range shall bake and cook well and give satisfaction,' and the breach alleged in the said complaint is that the said range did not give satis-

[Thompson v. O'Neill & Co.]

faction, and is not alone within the terms of the said contract. (2) For that the said contract claims $45 as damages for the alleged breach thereof, and the complaint alleges that the consideration therefor was $35. (3) For that the said complaint does not allege that the said range did not bake and cook well and give satisfaction."

It is manifest that the conditions to refunding of the money and the payment of the freight were three in number, and that a failure of the range to cook well, to bake well, or to give satisfaction, any one of them, entitles Thompson to the refunding. The very letter of the contract demonstrates this, and there is nothing to indicate a contrary intention in the premises. It results that the complaint for the breach of the agreement might be rested, as was done, by a counting for a failure of the range to meet any one of the conditions written in the paper by the parties. Hence it is clear that the demurrer was improperly sustained, since it proceeds upon the theory that the contract in suit could only be breached by a failure of the range in all the respects to which the parties agreed as conditions to the refunding, etc. The questions whether the term "satisfaction" should be construed as reposing the right in the purchaser to capriciously declare his dissatisfaction, or whether he could only be dissatisfied upon reasonable ground or for good cause, are not raised by the demurrer, and are, hence, not presented for review.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.